USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __3/31/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ANJALI SINGHAL,                                          :
                                                         :
                                Plaintiff,   :   20-cv-3295 (ALC)
                                                         :
        -against-                                       :   **OPINION AND ORDER**
                                                         :
DOUGHNUT PLANT, INC. ET AL.                              :
                              Defendants.  :
-------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Anjali Singhal brings this action against Defendants Doughnut Plant, Inc., Doughnut Plant Management Inc., The International Donut Plant LLC, (collectively, "Doughnut Plant") and Mark Isreal for pregnancy discrimination, sex discrimination, gender discrimination, familial status discrimination, interference, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Family and Medical Leave Act of 1993, 29 U.S.C.§ 2601 et seq. ("FMLA"), the New York State Human Rights Law Executive Law, § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§8-101 *et seq*. Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is denied in part and granted in part.

## BACKGROUND

    When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.

1

*Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The following facts, alleged in the Amended Complaint, ECF No. 25, are thus assumed to be true for the purposes of this motion.[1]

Plaintiff served as outside legal counsel for Doughnut Plant. Am. Compl. ¶ 14. On June 26, 2016, Doughnut Plant hired Plaintiff as its Chief Management Officer ("CMO") and General Counsel ("GC"). *Id.* ¶ 15. Plaintiff alleges that Doughnut Plant claimed they were unable to afford payroll taxes and employee benefits; therefore, Doughnut Plant paid Plaintiff through an incorporated entity "Singhal & Associates," and required her to submit weekly timesheets in the same format she had submitted while working as outside legal counsel *Id*. ¶¶ 22–23. Doughnut Plant told Plaintiff this was a temporary arrangement and her benefits would accrue retroactively. *Id*. ¶ 24. Additionally, while Plaintiff was employed as GC, Doughnut Plant was Singhal & Associate's only source of income. *Id*. ¶ 25.

On February 14, 2018, Plaintiff informed Isreal, owner and Chief Executive Officer of Doughnut Plant, that she was pregnant and would need parental leave. *Id*. ¶¶ 12, 27. Isreal responded that he "could no longer afford to pay Plaintiff." *Id*. ¶ 28. Plaintiff told Isreal that termination of her employment due to her pregnancy was unlawful discrimination; Isreal then retreated and said that Plaintiff could work, but only on "specific urgent matters." *Id*. ¶¶ 29–30. On February 27, 2018, Plaintiff confronted Isreal about another employee's raise in light of

---

[1] In their memorandum in opposition, Defendants rely on and include documents that were not attached to the Amended Complaint. If a document is not attached to or incorporated in the complaint, the court may consider the document when deciding a motion to dismiss if the document is one "upon which [the plaintiff] solely relies and which is integral to the complaint" or "an appropriate subject for judicial notice." *Holowecki v. Fed. Exp. Corp*., 440 F.3d 558, 565–66 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) (citation and internal quotation marks omitted); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). As the Court does not find that Plaintiff's complaint "relie[d] heavily upon [the documents'] terms and effect," the Court declines to deem Defendants' documents integral to the complaint and does not consider them at this stage in the proceedings. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002). Additionally, a number of these documents were filed in redacted form and do not adhere to this Court's rules concerning redactions and sealing requests. *See* Individual Practices of Andrew L. Carter, Jr., R. 6(C). The parties are reminded to file future submissions in consultation with this Court's rules.

Plaintiff's "demotion" due to financial concerns, and Isreal told Plaintiff she could return to her normal workload and previous position. *Id*. ¶¶ 36–37.

Subsequently, Plaintiff was subjected to discrimination and harassment. She alleges, among other things, that she was subject to a hostile work environment and demoted in duties, hours, and pay. *Id*. ¶¶ 39–42. On March 28, 2018, Plaintiff submitted to Doughnut Plant's Human Resources coordinator a complaint stating that she was "singled out for discriminatory treatment because [she is] female, minority, and/or pregnant. *Id*. ¶ 43. The discrimination and harassment intensified after she submitted her complaint. *Id*. ¶ 44. For example, Doughnut Plant excluded Plaintiff from meetings, removed her responsibilities, and withheld information she needed to perform her duties. *Id*. ¶ 45. Doughnut Plant's non-pregnant employees did not experience this behavior. *Id*.

On April 4, 2018, Plaintiff met with Isreal and asked whether other similarly situated employees experienced adverse employment actions due to Doughnut Plant's financial issues, to which Isreal responded that the hours of a recently-hired dishwasher were reduced. *Id*. ¶¶ 46–47.

On April 12, 2018, Defendants offered Plaintiff her previous job as outside legal counsel if she would sign a release and resign from her role as GC and CMO. *Id*. ¶ 53. She rejected the offer. *Id*. On April 20, 2018, Defendants insisted that Plaintiff attend a mediation session, attend without counsel, and sign a confidentiality agreement. *Id*. ¶¶ 54–55. Plaintiff refused the request, instead offering the alternative of a mutually-arranged mediation in which she could be represented by counsel. *Id*. ¶ 55. Defendants did not follow up on her proposal. *Id*.

On May 3, 2018, Plaintiff asked Isreal for an update regarding her discrimination complaint. *Id*. ¶ 56. On May 4, 2018, Defendants terminated Plaintiff's employment. *Id*. ¶ 57. On

May 17, 2018, Defendants sent Plaintiff a letter, threatening to take action against her law license if she did not provide Defendants with certain information. *Id.* ¶ 58.

## PROCEDURAL HISTORY

Plaintiff initiated this action on April 27, 2020. ECF No. 1. Defendants filed a motion to dismiss on October 6, 2020. ECF No 22. On October 21, 2020, Plaintiff amended her complaint. ECF No. 25. On November 11, 2020, Defendants filed a motion to dismiss Plaintiff's Amended Complaint. ECF No. 28. On November 25, 2020, Plaintiff filed her memorandum of law in opposition. ECF No. 32. On December 9, 2020, Defendants submitted their reply memorandum of law in support of their motion to dismiss. ECF No. 35.

## LEGAL STANDARD

On a Rule 12(b)(6) motion, the court must "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Allegations that are "no more than conclusions[ ] are not entitled to the assumption of truth," and " 'naked assertion[s]' devoid of 'further factual enhancement' " or "the defendant-unlawfully-harmed-me accusation[s]" are not sufficient to show that a plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678–79 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). Nor must a court accept as true "legal conclusions" or "a legal conclusion couched as a factual allegation." *Id*.

Title VII, NYSHRL, and NYCHRL discrimination and retaliation claims are analyzed under the three-part burden shifting scheme the Supreme Court set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (stating that Title VII and NYSHRL claims are governed by the *McDonnell Douglas*

4

standard). Under *McDonnell Douglas*, the plaintiff bears an initial burden of "proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53 (1981). If a plaintiff establishes a *prima facie* case of discrimination or retaliation, a presumption of discrimination or retaliation arises and the burden shifts to the defendant to offer a legitimate non-discriminatory or non-retaliatory reason for the adverse action. *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F.Supp.2d 394, 401 (S.D.N.Y. 2010) (citing *Stratton v. Dep't for the Aging,* 132 F.3d 869, 879 (2d Cir. 1997)). If the defendant is able to offer a legitimate basis for the decision, the plaintiff must then establish that the proffered nondiscriminatory reason was pretextual and that the defendant's act was at least partially motivated by discrimination. *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 93–94 (2d Cir. 2001).

## DISCUSSION

### I. Title VII Discrimination Claim Against Doughnut Plant and NYSHRL/NYCHRL Discrimination Claim Against All Defendants

Title VII prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2. To establish a *prima facie* case of discrimination under Title VII and the NYSHRL, a plaintiff must show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (internal quotation marks and citation omitted).[2]

---

[2] With respect to the NYCHRL standard, "[c]laims brought under the NYCHRL are analyzed using the same framework as Title VII and NYSHRL claims, but must be viewed independently from and more liberally than their federal and state counterparts." *Deveaux v. Skechers USA, Inc.*, No. 19 Civ. 9734 (DLC), 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9, 2020) (internal quotation marks and citations omitted). Under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

Defendants argue that Plaintiff's discrimination claims fail because she is an independent contractor, rather than an employee. Only employees, not independent contractors, are covered by Title VII. *See Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000). In general, "[d]etermining whether a person is an employee under Title VII is a fact intensive determination." *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 46 (S.D.N.Y. 2020). This determination is made by weighing the thirteen factors established in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989):

> [1] the hiring party's right to control the manner and means by which the product is accomplished ... [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party.

*Id.* at 751–52 (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989). Courts place "particular weight" on the first factor, "rather than on how she is treated for tax purposes or whether she receives benefits." *Eisenberg*, 237 F.3d 111, 112 (2d Cir. 2000).

The Court finds that Plaintiff has plausibly alleged she was an employee. Plaintiff alleges that Defendants hired her as CMO and GC. Plaintiff received an email address with the company domain and was made part of the email group executiveteam@doughnutplant.com. Plaintiff also was assigned a desk at the Doughnut Plant office and was given a key card to access the building and bakery, the access code to enter the office, and authority to access the office areas of all retail stores. Am. Compl. ¶¶ 15–18. Plaintiff reported to Isreal daily. *Id.* ¶ 21. At this stage, Plaintiff has provided sufficient facts to allege that she was an employee.

Defendants do not otherwise challenge Plaintiff's discrimination claims, nor do they offer a nondiscriminatory justification. The Court finds that Plaintiff has established her *prima facie* case and has sufficiently alleged discrimination. She was a member of a protected class as a pregnant women, she suffered an adverse action when she was terminated, it is not disputed that she was qualified for her position, and the circumstances surrounding her termination give rise to an inference of discrimination.[3]

## II. Title VII Retaliation Claim Against Doughnut Plant and NYSHRL/NYCHRL Retaliation Claim Against All Defendants

Defendants also challenge Plaintiff's retaliation claims as insufficient due to her status as an independent contractor. For the reasons stated above, the Court rejects this argument and finds that Plaintiff has plausibly alleged her status as an employee.

As with the discrimination claims, Defendants do not further challenge the retaliation claims. To state a *prima facie* claim for retaliation under Title VII and the NYSHRL, a plaintiff must demonstrate that: (1) she participated in a protected activity; (2) the defendant was aware of her protected activity; (3) she suffered an "adverse employment action;" and (4) there is a causal connection between the protected activity and the adverse employment action. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013).[4]

---

[3] Plaintiff's NYCHRL discrimination claim also passes muster. *See Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp. 3d 309, 327 (S.D.N.Y. 2020) ("Because [Plaintiff] has adequately pled sex-discrimination claims under Title VII and the NYSHRL, her similar claim under the broader NYCHRL also necessarily survives.").

[4] The NYCHRL standard is more lenient than the Title VII and the NYSHRL standard. To sustain a retaliation claim under the NYCHRL, Plaintiff must allege that "she took an action opposing her employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action. . . . [and] [u]nlike the but-for standard used under Title VII and the NYSHRL, the employer is liable if [he] was motivated *at least in part* by an impermissible motive." *Farmer*, 473 F. Supp. 3d at 334 n.8 (internal quotation marks and citations omitted).

Plaintiff has adequately pleaded her retaliation claims. Her complaint constitutes a protected activity; Defendants were aware of her complaint; her termination, among other conduct, is undisputedly an adverse employment action; and the causal connection is established "by showing that the protected activity was followed closely by the discriminatory treatment." *Hicks v. Baines*, 593 F.3d 159, 170 (2d Cir. 2010) (internal quotation marks and citations omitted). Thus, the retaliation claims survive the motion to dismiss.

### III. FMLA Claims Against Doughnut Plant

Under the FMLA, "a covered employer is required to grant an eligible employee up to a total of 12 weeks of leave." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 108 (2d Cir. 2017). An FMLA-covered employer is "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). An eligible employee is an employee who has been employed, among other things, "for at least 1,250 hours of service with such employer during the previous 12–month period." *Id*. § 2611(2)(A).

The Amended Complaint fails to allege that Defendants employ at least 50 employees and that Plaintiff worked for at least 1,250 hours. Accordingly, the Court dismisses the FMLA claims.

### IV. Aiding And Abetting Under NYSHRL/NYCHRL Against All Defendants

The aiding and abetting claims are dismissed as duplicative. Under the NYSHRL and NYCHRL, individuals "may not be held liable . . . merely for aiding and abetting his own discriminatory conduct but only for assisting another party in violating that law." *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 367 (S.D.N.Y. 2012). Thus, this claim fails as against Isreal because the Amended Complaint alleges, and the Court has upheld, non-derivative

NYSHRL and NYCHRL claims against Isreal. Isreal cannot aid and abet his own actions. With respect to the corporate defendants, there "can be no aider-and-abettor liability as to the Corporate Defendants for aiding and abetting their own conduct. . . . [or] for aiding and abetting [Isreal's] conduct" *Id*. at 368.

Therefore, the aiding and abetting claims must be dismissed.

## V. Interference Under NYCHRL Against All Defendants

Under the NYCHRL, no individual can "coerce, intimidate, threaten or interfere with . . . any person in the exercise or enjoyment of . . . any right granted or protected pursuant to [§ 8-107]." N.Y. City Admin. Code § 8-107(19). "A plaintiff is required to allege threats as an element of such a claim." *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15 CIV. 1398 (PAE), 2015 WL 7736554, at *15 (S.D.N.Y. Nov. 30, 2015). Plaintiff has sufficiently alleged threats to survive a motion to dismiss. For example, Plaintiff alleges that Defendants threatened to challenge her law license and that Isreal physically blocked her office while using a threatening tone when questioning why she was at the office. Thus, Plaintiff has a stated a claim for interference under the NYCHRL.

## VI. Vicarious Liability Under NYCHRL Against All Defendants

Plaintiff brings a claim against all Defendants for supervisory liability under the NYCHRL. The relevant provision provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section . . . where [t]he employee or agent exercised managerial or supervisory responsibility." N.Y.C. Admin. Law § 8-107(13).

In her opposition brief, Plaintiff argues that only the corporate defendants are liable for Isreal's actions. *See* ECF No. 32 at 18–19. Thus, the vicarious liability claim against Isreal are

dismissed as abandoned. "[A] court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014). Additionally, the vicarious liability claim against Doughnut Plant are dismissed as duplicative because Plaintiff also brings non-derivative, general NYCHRL claims against Doughnut Plant, which the Court has upheld. *See Xiang v. Eagle Enterprises, LLC*, No. 19 CIV. 1752 (PAE), 2020 WL 248941, at *11 (S.D.N.Y. Jan. 16, 2020).

### VII. NYC Pregnant Workers Fairness Act Claims Against All Defendants

Plaintiff brings claims for discrimination, termination, and reasonable accommodation under New York City's Pregnant Workers Fairness Act ("NYPWFA") against all defendants. The PWFA added the following language, in relevant part, to the NYCHRL:

> It shall be an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation, as defined in section 8-102, to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job, provided that such employee's pregnancy, childbirth, or related medical condition is known or should have been known by the employer.

N.Y.C. Admin. Code § 8-107(22).

Plaintiff has stated a claim for failure to provide a reasonable accommodation under the NYPFA based on her request for parental leave. Specifically, Plaintiff's "termination in the face of her repeated requests for approval of her upcoming maternity leave can be viewed as the denial of a reasonable accommodation to facilitate her childbirth." *Xiang*, 2020 WL 248941, at *7. Thus, Plaintiff's Fourteenth Cause of Action survives the motion to dismiss.

However, the Court dismisses the claim for discrimination and termination because Plaintiff has brought a separate claim for pregnancy discrimination under the NYCHRL, which

the Court has granted. Thus, this claim (Thirteenth Cause of Action) is dismissed as duplicative and moot. *See Xiang*, 2020 WL 248941, at *11.

### VIII.   Negligence

Plaintiff alleges that Defendants are liable for negligence for the same conduct for which she brings her other causes of action. Plaintiff's negligence claim must therefore be dismissed. "Though litigants may allege alternate, or inconsistent, claims in a pleading . . . when the conduct alleged, if true, may only give rise to liability for an intentional act, a claim of negligence may be dismissed." *Bah v. City of New York*, No. 13 CIV. 6690 (PKC), 2014 WL 1760063, at *13 (S.D.N.Y. May 1, 2014) (citations omitted). Plaintiffs' discrimination, retaliation, and failure to accommodate allegations are based on intentional acts. Accordingly, Plaintiff's Fifteenth Cause of Action is dismissed for failure to state a claim.

### CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is granted in part and denied in part. The motion to dismiss is denied as to the First, Second, Fifth, Sixth, Eighth, Ninth, Eleventh, and Fourteenth Causes of Action. The motion to dismiss is granted as to the Third, Fourth, Seventh, Tenth, Twelfth, Thirteenth, and Fifteenth Causes of Action.

The parties shall submit a joint status letter no later than fourteen days from the date of this decision. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

**SO ORDERED.**

**Dated: March 31, 2022**
     **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**